### SAMUEL ALLEY, JR. *versus* JOSHUA BLEN.

In the trial of an action to recover damages for an injury to the plaintiff's *gondola*, occasioned by the negligence of the defendant, to whom it had been bailed, in suffering it to be frozen in the ice, where the defence was that it had been delivered up to the plaintiff, before any injury to it had taken place, the Judge rightly declined to instruct the jury, that the testimony of certain witnesses, if believed, would prove that the gondola had been so delivered up to the plaintiff, that being for the determination of the jury, and not of the Court.

THIS was an action to recover damages for an injury to a gondola, belonging to the plaintiff, bailed to the defendant, and alleged to have been frozen in the ice, through the negligence and want of care of the defendant. The defence set up was, that the gondola had been delivered to the plaintiff before any injury had happened to it. The verdict was for the plaintiff, and the defendant filed exceptions.

The instruction requested by the defendant, and refused by the presiding Judge, is given in the opinion of the Court.

*Ruggles,* for the defendant, said that the object of the request was, that the Judge should instruct the jury, what possession of the plaintiff would constitute in law a good defence. It was believed, that the defendant was entitled to have such instruction, but the Court declined to give it. And of this the defendant complains.

*Groton,* for the plaintiff, thought the whole case was but this, whether it was the duty of the Court to interfere with the province of the jury, and decide matters of fact.

The opinion of the Court was by

WELLS J. — This case comes before us, upon exceptions, to the opinion of the Judge of the District Court.

All the instructions requested were substantially given, except the last. In that, the defendant requested the Judge to rule, that the facts, testified to by Blen and Pottle, if true, constituted a *sufficient possession* on the part of the plaintiff, to relieve the defendant, from liability for subsequent injury, to the gondola, occasioned by the plaintiff's or Pottle's neglect to take care of her ; when taken in connection with the other testimony of the plaintiff, that the defendant had informed the plaintiff, he should not take any further charge of her.

The Judge declined to give such instruction, but did inform the jury, that it was a question of fact, for them to determine, from the evidence in the case, whether the plaintiff did have possession of the gondola, when the acts complained of happened, or whether she still remained in the possession and at the risk of the defendant. It was certainly a matter of fact, whether the plaintiff had so conducted, as to relieve the defendant from damages for not returning the gondola. Blen and Pottle testified to facts, from which such a result might be inferred, but it was for the jury to make the inference, and not the Court. The Judge stated the rules, in answer to the other requests, by which the jury would be guided, and it was their duty to determine, whether the facts corresponded to them.

It was a fact, to be determined, whether there was any possession, and if that was found affirmatively, then the sufficiency of it was to be ascertained by the instructions already given.

The Judge was not asked to define what, in law, would constitute a possession, but that certain facts, tending to prove it, did actually prove it.   We do not perceive any just ground for the exceptions.                    *Exceptions overruled.*